UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE ROJAS-LARA, | Case No. 2:25-cv-02544-RFB-EJY |
| Petitioner, | ORDER |
| v. | |
| THE UNITED STATES OF AMERICA, *et al.*, | |
| Respondents. | |

Petitioner Jose Rojas-Lara, immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1), Application to Proceed *In Forma Pauperis* ("IFP" (ECF No. 1)), and Motion for Appointment of Counsel (ECF No. 2), challenging the lawfulness of his detention at Nevada Southern Detention Center in the custody of Federal Respondents. The Court has reviewed the Petition and Motion and preliminarily finds Petitioner likely can demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

The Court first finds that good cause exists to grant the IFP application. The Court also finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1]

Therefore, **IT IS HEREBY ORDERED** that the IFP application (ECF No. 1) is **GRANTED**.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). Indeed, the Court may appoint counsel at any stage of the proceedings if the interests of justice so require. See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; Chaney, 801 F.2d at 1196.

1  **IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 2) is
2  **GRANTED**. The Federal Public Defender for the District of Nevada is appointed to represent
3  Petitioner Jose Rojas-Lara and is directed to file a notice of appearance (or indicate its inability to
4  represent Rojas-Lara) within **7 days** of the date of this Order (by **December 29, 2025**). If the
5  Federal Public Defender is unable to represent Rojas-Lara, because of a conflict of interest or for
6  any other reason, alternate counsel will be appointed. Appointed counsel will represent Rojas-Lara
7  in all federal proceedings related to this matter, including any appeals or certiorari proceedings,
8  unless allowed to withdraw.

9  **IT IS FURTHER ORDERED** that the Clerk of the Court will send a copy of this order to
10 the Federal Public Defender and the CJA coordinator for this division.

11 Respondents are **ORDERED TO SHOW CAUSE** why the Petition should not be granted.
12 See 28 U.S.C. § 2243. Respondents shall file, in writing, within three days, **a (i) notice of**
13 **appearance and (ii) "a return certifying the true cause of detention"** on or before **December**
14 **29, 2025**. Id. Petitioner may file a Traverse on or before **January 2, 2026**.

15 **IT IS FURTHER ORDERED** that the parties shall indicate in their briefing whether they
16 request oral argument or an evidentiary hearing on the Petition. The Court would be amenable to
17 ruling on the papers if the parties indicate that they are willing to waive a hearing. If Respondents
18 have no new arguments to offer that have not already been addressed by the Court, they may so
19 indicate by reference to their previous briefing, while reserving appellate rights. They may not,
20 however, incorporate briefing in a manner that would circumvent the page limits under LSR 3-2
21 without leave. Respondents should file the referenced briefing as an attachment for Petitioner's
22 counsel's review.

23 Additionally, the Court finds Petitioner has established a *prima facie* case for relief and
24 that ordering Respondents to produce documents reflecting the basis for their detention of
25 Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See
26 Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition
27 for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of
28 suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court

to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** that Respondents must file with their Return any documents referenced or relied upon in their responsive pleading. If Respondents' asserted basis for detaining Petitioner is reflected in any documents in their possession, including, but not limited to, an arrest warrant, Notice to Appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and/or removal proceedings, Respondents must so indicate and file said documents with their pleading. If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their return.

**IT IS FURTHER ORDERED** that Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** that the parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner[s] out of this District. See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

1. **DELIVER** a copy of the Petition (ECF No. 1-1), Motion (ECF No. 2), attachments (ECF No. 1-3), and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party.

3. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1), Motion (ECF No. 2), attachments (ECF No. 1-3), and this Order to:

    i. The United States Attorney for the District of Nevada at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, summer.johnson@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

    ii. Counsel for Facility Warden John Mattos (NSDC) at ahesman@strucklove.com.

4. **MAIL** a copy of the Petition (ECF No. 1-1), Motion (ECF No. 2, attachments (ECF No. 1-3), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

1) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528;

2) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530;

3) Todd Lyons, Acting Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536;

4) Kerri Ann Quihuis, Las Vegas ICE Field Office Director – Detention and Removal, 501 South Las Vegas Blvd., Suite 1000, Las Vegas, NV 89101;

5) Michael Bernacke, Salt Lake City ICE Field Office Director, 2975 Decker Lake Drive Suite 100, West Valley City, UT 84119-6096;

6) John Mattos, Warden, Nevada Southern Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

///
///
///
///
///

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of the Petition (ECF No. 1-1), Motion (ECF No. 2), attachments (ECF No. 1-3), and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**DATED:** December 22, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**